UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| DAL RAE BEACH,<br><br>Plaintiff,<br><br>v.<br><br>ATTORNEY GENERAL OF THE UNITED STATES,<br><br>Defendant. | ) | Civil Action No. 3:26-cv-00274-CHB<br><br>**MEMORANDUM OPINION AND ORDER** |

*** *** *** ***

This matter is before the Court on the Motion to Dismiss, [R. 8], filed by Defendant Attorney General of the United States. Plaintiff Dal Rae Beach responded, [R. 9], and Defendant replied, [R. 10]. The matter is fully briefed and is ripe for review. For the reasons that follow, the Court will grant Defendant's motion to dismiss.

## I. BACKGROUND

This case arises out of Plaintiff's employment with the Federal Bureau of Investigation. [R. 1, ¶ 1 (Complaint)]. Plaintiff filed an administrative Equal Employment Opportunity ("EEO") complaint, alleging employment discrimination and retaliation in violation of Title VII. *Id.* ¶ 9. The Equal Employment Opportunity Commission referred Plaintiff's complaint to the Department of Justice ("DOJ") for review. *Id.* ¶ 11. The DOJ rendered a final agency decision on August 28, 2024, *id.*, concluding that "[t]he record failed to show that FBI management subjected [Plaintiff] to disparate treatment or to a hostile work environment because of race, sex, national origin, parental status, or prior EEO activity as to any of her claims." [R. 1-3, p. 39]. The final agency decision notified Plaintiff of her right to commence litigation within ninety days of her receipt of the notice of the decision. [R. 1, ¶ 11]. Indeed, on the same day Plaintiff received the final agency

decision, Plaintiff received a letter outlining her right to appeal, as well as her right "to file a civil action in the appropriate United States District Court within 90 days of the date you receive this decision." [R. 8-1, pp. 2–3 (Letter of Notice of Right to Sue)]; *see also* [R. 1, ¶¶ 9, 11].

On October 15, 2024, less than ninety days after Plaintiff received notice of her right to sue, Plaintiff filed suit in Kentucky state court, asserting employment discrimination claims. [R. 1, ¶ 11]. Plaintiff failed to cite to Title VII as a basis for her claims and instead cited only to Kentucky state law. *See generally* [R. 8-2 (State Court Complaint)]. The action was removed to this Court, and on January 20, 2026, the Court dismissed Plaintiff's claims for lack of subject matter jurisdiction. [R. 1, ¶ 11]. The Court reasoned that "Title VII provides the exclusive judicial remedy for federal employment discrimination claims." *Id.* Plaintiff then commenced this action on April 14, 2026, asserting claims of employment discrimination and retaliation "brought pursuant to Title VII of the Civil Rights Act of 1964." *Id.* ¶ 7. Defendant has moved to dismiss the complaint in its entirety, arguing that the complaint "was filed long after 90 days had passed since [Plaintiff] received notice of the final agency decision in her underlying EEO action, which addressed the same nucleus of operative facts at issue here." [R. 8, p. 4]. Plaintiff responded, [R. 9], contending that equitable tolling applies, and Defendant replied, [R. 10].

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible on its face" if the factual allegations in the complaint "allow the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Determining if a complaint sufficiently alleges a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). "The complaint is viewed in the light most favorable to [Plaintiff], the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [Plaintiff's] favor." *Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016) (citing *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008)). Further, when a motion to dismiss is brought on statute of limitations grounds, it "should be granted 'when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that that would entitle him to relief.'" *Rodney v. LaHood*, 359 F. App'x 634, 637 (6th Cir. 2010) (quoting *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)).

Additionally, in evaluating a motion to dismiss, the Court may consider "the complaint and any documents attached to the complaint or the motion to dismiss if they are referred to in the complaint and are central to the claims" without converting the motion into a motion for summary judgment. *Wood v. Midland Funding, LLC*, 698 F. App'x 260, 263 (6th Cir. 2017) (citing *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007)). Here, Plaintiff's complaint references several of her EEO filings, including the final agency decision and

notice of the right to sue. [R. 1, ¶ 11]. She referred to the final agency decision and notice of her right to sue as "Exhibit B." *Id.* Upon reviewing the attachments to Plaintiff's complaint, the Court notes that although the final agency decision is indeed attached to the complaint as Exhibit B, Plaintiff did not include the notice of the right to sue letter in that attachment. *See* [R. 1-3]. However, Defendant attached the letter giving notice of the right to sue to its motion, [R. 8-1], Plaintiff referenced the letter giving notice of her right to sue as an exhibit, [R. 1, ¶ 11], and the letter of notice of the right to sue is central to the dispute over whether Plaintiff's claims are time-barred. Thus, the Court may consider the final agency decision and the letter giving notice of the right to sue at this stage without converting the motion to dismiss to a motion for summary judgment. *See, e.g.*, *Berry v. Dep't of Veterans Affs.*, No. 3:20-CV-590-DJH-RSE, 2021 WL 6108010, at *1 (W.D. Ky. Aug. 25, 2021) ("Although the Court generally considers only the complaint on a motion to dismiss, it may also properly consider the Equal Employment Opportunity (EEO) documents attached to the government's motion.").

Similarly, Plaintiff refers to her state court proceedings and the subsequent removal and dismissal of those claims in the complaint, [R. 1, ¶¶ 11, 15], and Defendant attached her state court complaint, [R. 8-2], to its motion to dismiss. The Court may consider the state court complaint without converting the motion to a motion for summary judgment on that basis alone. *See supra* n.1 (quoting *Wood*, 698 F. App'x at 263 (holding that the Court may consider "the complaint and any documents attached to the complaint or the motion to dismiss if they are referred to in the complaint and are central to the claims" without converting the motion into a motion for summary judgment)).

Moreover, the Court notes that it "has discretionary authority to simply take judicial notice of [Plaintiff's] filings in the record of the state court proceeding," *e.g.*, *Brown v. Matauszak*, 415

F. App'x 608, 614 n.7 (6th Cir. 2011), and the subsequent removal and dismissal of those claims. *See, e.g.*, *Greene v. Off. of Comptroller of Currency*, No. 1:20-CV-776, 2020 WL 7327532, at *1 (S.D. Ohio Oct. 7, 2020), *report and recommendation adopted*, No. 1:20-CV-776, 2020 WL 6498667 (S.D. Ohio Nov. 5, 2020) ("Any federal court may take judicial notice of proceedings of record filed in other courts."). Accordingly, the Court takes judicial notice of Plaintiff's prior state court complaint, the removal of that complaint, and this Court's dismissal of that complaint, without converting Defendant's motion to a motion for summary judgment. *See, e.g.*, *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("[A] court may take judicial notice of other court proceedings without converting [a motion to dismiss] into one for summary judgment.").

## III. ANALYSIS

Plaintiff asserts claims of employment discrimination. [R. 1, ¶ 7]. "Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c), provides the 'exclusive judicial remedy for claims of discrimination in federal employment.'" *Walker v. Henderson*, 4 F. App'x 248, 249 (6th Cir. 2001) (quoting Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976)); *see also Phoenix v. Dep't of the Army*, No. 3:17-CV-00598-GNS, 2019 WL 418438, at *2 (W.D. Ky. Feb. 1, 2019) ("As the Sixth Circuit has explained, 'Title VII of the Civil Rights Act of 1964 . . . provides the exclusive judicial remedy for claims of discrimination in federal employment.'" (quoting *Steiner v. Henderson*, 354 F. 3d 432, 434 (6th Cir. 2003))). 42 U.S.C. § 2000e–16(c) explains when a plaintiff must file suit after receipt of a final agency decision: "[w]ithin 90 days of receipt of notice of final action taken by a department, agency, or unit . . . an employee or applicant for employment . . . may file a civil action as provided in section 2000e–5 of this title." 42 U.S.C. § 2000e–16(c). Section 2000e–5 provides that "[e]ach United States court of a place subject to the jurisdiction of

the United States shall have jurisdiction of actions brought under this subchapter." § 2000e–5(f)(3). Thus, "[i]n a Title VII case, a federal employee has 90 days from receipt of a final agency decision to file suit in *district court*." *Rodney*, 359 F. App'x at 637 (emphasis added). Dismissal of a Title VII suit that was not filed within the requisite ninety-day period is proper. *See id.* (affirming district court's dismissal of plaintiff's Title VII claims because it was filed more than a year after receipt of the final agency decision).

Here, Plaintiff concedes that she filed her suit more than ninety days after receipt of the final agency decision. [R. 10, p. 7]. She instead contends that dismissal in this case is improper due to equitable tolling. *Id*. In reply, Defendant argues that "[e]quitable tolling is a disfavored remedy that does not apply to the facts of this case." [R. 10, p. 3]. The Court agrees.

§ 2000e–16(c) is subject to equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990); *see also Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) ("The ninety-day time limitation in Title VII cases is not jurisdictional; therefore, equitable tolling is available."). However, equitable tolling should be "applied 'only sparingly' in suits against the government, and the plaintiff bears the burden of showing that tolling is warranted." *Berry v. Dep't of Veterans Affs*., No. 3:20-CV-590-DJH-RSE, 2021 WL 6108010, at *3 (W.D. Ky. Aug. 25, 2021) (quoting *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014)). The Sixth Circuit points to several factors relevant to "determining the appropriateness of equitable tolling," including: "'1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim.'" *Martin v. Ford Motor Co.*, No. 21-6089, 2022 WL 17076782, at *1 (6th Cir. Aug. 23, 2022) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001)).

However, "the five factors are neither comprehensive nor material in all cases." *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017). "[A] litigant's failure to meet a legally-mandated deadline" because of "unavoidab[le] . . . circumstances beyond that litigant's control," *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000) (citations omitted), "is often the most significant consideration in courts' analyses, rather than any particular factor of the five-part standard." *Zappone*, 870 F.3d at 556. Indeed, equitable tolling is typically *only* granted "when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Sparacino v. Shepherd Commc'ns, Inc.*, No. 3:14-CV-298-JHM-CHL, 2015 WL 631240, at *3 (W.D. Ky. Feb. 12, 2015) (citation omitted).

Plaintiff has not plausibly alleged that equitable tolling applies in this case. Although Plaintiff acknowledges that "a litigant seeking equitable tolling must show . . . that an extraordinary circumstance stood in the way and prevented timely filing," [R. 9, p. 15], at no point in her reply does Plaintiff argue that her failure to meet the ninety-day filing requirement was due to an extraordinary circumstances. *See generally* [R. 9]. Nor does she allege such an extraordinary circumstance in her complaint. *See generally* [R. 1]. Indeed, Plaintiff identifies no external circumstance, extraordinary or otherwise, that prevented her from properly filing her claim within the ninety-day period. *See, e.g.*, *Reynolds v. Hamilton Cty. Dev. Disabilities Servs.*, 2026 WL 2664165, at *5 (S.D. Ohio Sep. 10, 2026). The lack of extraordinary circumstances alone shows that equitable tolling is not appropriate in this case. *See Sparacino*, 2015 WL 631240, at *3.

The other factors discussed by the Sixth Circuit similarly demonstrate that Plaintiff has not plausibly alleged that this is one of the "rare" cases where equitable tolling applies. *Leeds v. Potter*, 249 F. App'x 442, 447 (6th Cir. 2007). As to the first two factors, lack of notice and lack of constructive notice of the filing requirement, Plaintiff had actual notice of the requirement to file

suit in federal district court within ninety days of receipt of her final agency decision. In her complaint, Plaintiff readily confirmed her receipt of a notice to sue letter, [R. 1, ¶ 11], which explicitly stated that Plaintiff "ha[d][] the right to file a civil action in the appropriate United States District Court within 90 days of the date you receive this decision." [R. 8-1, pp. 2–3]. Moreover, although Plaintiff initially failed to file her claims under Title VII, she does not argue that she was ignorant of the requirement to bring suit under Title VII. *See Walker*, 4 F. App'x at 249 ("Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c), provides the 'exclusive judicial remedy for claims of discrimination in federal employment.'" (quoting *Brown*, 425 U.S. at 835)). Indeed, at no point does Plaintiff contend that she was ignorant of any of the filing requirements. Thus, the first and second factors, as well as the fifth factor—the plaintiff's reasonableness in remaining ignorant of the particular legal requirement—weigh against equitable tolling.

The third factor, Plaintiff's diligence in pursuing her rights, further demonstrates that equitable tolling is not warranted in this case. As Plaintiff herself admits, "[t]he October 2024 pleading invoked state law, named the wrong defendants, and did not expressly plead Title VII," [R. 9, p. 12], despite the notice she received. "The simple fact is that [Plaintiff] was told [] [] what to do to preserve her claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); *see also Allen v. Henry Ford Health Sys.*, No. 2:25-CV-11584-TGB-CI, 2026 WL 2566211, at *7 (E.D. Mich. Aug. 31, 2026) ("Allen simply was not diligent in pursuing her rights, as she had at least 81 or 82 days to file this suit after her acknowledged actual receipt of the right-to-sue letter on March 1 or 2."). Thus, the pleadings, even accepted as true, do not plausibly allege that Plaintiff diligently pursued her claim.

Plaintiff argues that she "diligently pursued one continuous course of litigation arising from the same fact," referring to her initial suit in state court that was removed and then dismissed. [R. 1, ¶ 15]. However, the Sixth Circuit has made clear that a previously-filed complaint that is dismissed without prejudice due to the plaintiff's own mistakes when filing the action is not grounds for equitable tolling—a plaintiff's "lack of diligence" in following filing requirements "cannot be the basis for an equitable tolling of the statutory filing period in her favor." *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987) (per curiam); *see also Sanders v. Metropolitan Hosp.*, No. 1:23-cv-1334, 2024 WL 5708513, at *5 (W.D. Mich. Nov. 20, 2024) (holding that because the plaintiff's initial suit was dismissed without prejudice due to the plaintiff's own errors, the dismissal without prejudice did not equitably toll the ninety-day filing period).

Despite having notice of the Title VII filing requirements, Plaintiff's initial state court complaint was defective due to her own mistake—she only filed her claims under state law, so the district court did not have jurisdiction upon removal. [R. 1, ¶ 11]. And to the extent Plaintiff's defective complaint was the result of a mistake of her former lawyer, such a mistake is a "garden variety claim of excusable neglect," which is not the sort of extraordinary circumstance that warrants equitable tolling. *Jackson v. United States*, 751 F.3d 712, 718 (6th Cir. 2014); *see also Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) (holding that a lawyer's error typically does not justify equitable tolling). Therefore, neither the fact that Plaintiff filed an initial state court complaint within the requisite ninety days, nor the dismissal without prejudice of that complaint upon its removal, provides a basis for equitable tolling.

Finally, Plaintiff's argument that Defendant received notice of her claims through her initial state court complaint is not itself grounds for equitable tolling, because the fourth factor, the

"absence of any significant prejudice to the defendant if th[e] [C]ourt were to permit the plaintiff's filing out of rule," is "immaterial" if "no other factor supports the plaintiff's equitable tolling posture." *Graham-Humphreys*, 209 F.3d at 558 n.10; *see also Zappone*, 870 F.3d at 558 ("[T]he absence of prejudice cannot serve as an independent basis for equitably tolling a limitations period, especially where, as here, the plaintiff[] fail[s] to demonstrate that any other factor supports tolling."). Here, Plaintiff has failed to plausibly allege that any pertinent factor supports equitable tolling in this case, so any argument that Defendant had notice of Plaintiff's claims is not enough to justify equitable tolling in this case.

In sum, applying each factor to the allegations in this case, the Court finds that Plaintiff has not plausibly alleged that the ninety-day statute of limitations should be equitably tolled. Equitable tolling "does not excuse a litigant's lack of diligence or ordinary neglect," *Reynolds*, 2026 WL 2664165, at *5, and the "sparingly" granted relief of equitable tolling is not warranted in this case. *Amini*, 259 F.3d at 500; *see also Graham-Humphreys*, 209 F.3d at 561 ("Absent equitable considerations, a court should not extend limitations by even a single day."). Moreover, though Plaintiff proceeds in the present action *pro se*, Title VII's filing requirements "are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin*, 466 U.S. at 152 (dismissing a pro se Title VII complaint filed outside the requisite filing period).

Ultimately, Plaintiff did not file her Title VII claims within ninety days of receipt of her final agency decision and notice of right to sue, and neither equitable tolling, nor Plaintiff's *pro se* status, cures this defect—her claims are time-barred. Accordingly, Plaintiff's "statement of the claim affirmatively shows that [] [P]laintiff can prove no set of facts that would entitle h[er] to relief," and dismissal of Plaintiff's claims on statute of limitations grounds is proper. *Rodney*, 359 F. App'x at 637.

## IV. CONCLUSION

For the above-stated reasons, the Court will grant Defendant's motion to dismiss and will dismiss all claims against Defendant in this matter. Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. The Motion to Dismiss, **[R. 8]**, of Defendant Attorney General of the United States is **GRANTED**.
2. All claims against Defendant are **DISMISSED WITHOUT PREJUDICE**.
3. The Clerk shall **STRIKE** this matter from the active docket.
4. A separate Judgment shall be entered contemporaneously with this Order.

This the 23rd day of November, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY